[S. F. No. 1965.   Department Two. — November 18, 1901.]

SAMUEL W. BORING, Receiver, etc., of James C. Dunham, Respondent, v. A. C. PENNIMAN and H. S. PENNIMAN, Appellants.

FORECLOSURE OF MORTGAGE BY RECEIVER — NOTES LEVIED UPON UNDER EXECUTION — EVIDENCE — VOID PERSONAL JUDGMENT — PUBLICATION OF SUMMONS AGAINST NON-RESIDENT. — In an action by a receiver to foreclose a mortgage securing notes which were levied upon under execution, evidence of the judgment roll under which the execution was issued is inadmissible to support the foreclosure, where it appears upon the face thereof that it was a void personal judgment rendered against the owner of the notes, who was a non-resident of the state, and did·not appear in the action against him, and that the service of summons upon him was made by publication only, so that the court acquired no jurisdiction of his person.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order denying a new trial.   A. S. Kittredge, Judge.

The facts are stated in the opinion of the court.

J. R. Welch, for Appellants.

E. E. Cothran, and John Reynolds, for Respondent.

THE COURT.—James C. Dunham killed a number of people, and thereafter the parents of one of his victims brought suit against him for damages resulting to them from his having taken the life of their daughter.   In said suit service was made by publication; the defendant did not appear, and plaintiffs obtained a judgment for eight thousand dollars and costs. Thereafter, execution was issued on said judgment and levied upon two notes belonging to said Dunham. These two notes were executed by the defendants herein, and were secured by a mortgage executed by and between the same parties.   This action was brought by a receiver, appointed for that purpose by the court, on said notes, and to foreclose said mortgage. The defendants resisted the suit, and on the trial the plaintiff was permitted, against the objection that no valid service of summons was shown, to put in evidence the judgment roll in the action brought against Dunham.   The plaintiff obtained judgment for a foreclosure, and the defendants appeal from said judgment and from an order denying a new trial.

The order for publication of summons in the Dunham case recites as follows: "Upon reading and filing of the affidavit of Jacob A. Shesler in the above-entitled action, and it satisfactorily appearing therefrom that the defendant, James C. Dunham, has departed from the state, and is residing out of the state, and cannot, after due diligence, be found within this state, . . . and it further appearing that a summons has been duly issued out of said court in this action, and that personal service of the same cannot be made upon the said defendant, James C. Dunham, for the reason hereinbefore contained, and by the said affidavit made to appear, upon motion of E. E. Cothran, Esq., attorney for plaintiff herein, it is hereby ordered that the service of the summons in this action be made upon the defendant, James C. Dunham, by publication thereof," etc.

The affidavit upon which this order was based contained the

following: "That said defendant cannot, after the exercise of great and extraordinary search and diligence by the sheriff of said county, and many peace-officers and persons of said county and state, be found within said state of California; . . . and affiant, in the further support thereof, states the following facts and circumstances, to wit: That on the night of the 26th day. of May, 1896, in said county and state, the defendant willfully, feloniously, and with malice aforethought, did kill and murder the said Minnie Shesler and other persons, and defendant immediately fled from the scene of his said crime, and though a large reward has been offered for his apprehension and arrest, it has thus far been impossible to effect his capture, and the whereabouts and residence of said defendant are to this affiant unknown, notwithstanding affiant has made diligent inquiry to find said defendant, and affiant cannot, after due diligence, find defendant within this state."

While it is not positively stated in the affidavit that the defendant has his residence outside of this state, yet the facts stated make it highly probable that Dunham left the state, intending never to return, and therefore the court was warranted in finding in the order of publication that Dunham had "departed from the state and is residing out of the state."

Upon the authority of *De La Montanya* v. *De La Montanya*, 112 Cal. 101,[1] and the cases therein cited, we think it must be held that it appeared from the judgment roll that the court obtained no jurisdiction of the person of Dunham, and that the judgment against him was void. For that reason the objection to the judgment roll should have been sustained. The arguments for and against this proposition will be found in the case cited. It will be unnecessary to repeat them here.

The judgment and order appealed from are reversed.

McFARLAND, J., concurring.—I concur in the judgment of reversal, on the ground that at the time of the institution of the action against Dunham, and the rendition of the judgment therein, he was a non-resident of this state, having neither his actual residence nor his legal domicile here.

---

[1] 53 Am. St. Rep. 165.