[Civ. No. 918.   Second Appellate District.—February 18, 1911.]

## MERCHANTS' NATIONAL UNION, a Corporation, Respondent, v. A. P. BUISSERET, Appellant.

SUMMONS—SERVICE BY PUBLICATION—SUFFICIENCY OF AFFIDAVITS.—Affidavits for publication of summons against a defendant which show inquiry at his last known place of residence within the state, and information thereat that he is out of the state, with refusal of the informants to state his precise whereabouts, are sufficient to justify the conclusion of the court that such defendant cannot after due diligence be found within the state, and to support its order for service of the summons upon him by publication.

ID.—WANT OF JURISDICTION FOR PERSONAL JUDGMENT AGAINST NONRESIDENT.—Assuming that service of summons by publication against a resident of the state will support a personal judgment against him, yet where the affidavits for publication and the order of the court make it appear that defendant was not within the state at the time of the order for publication, and the order recites that he was a nonresident of the state, there was no jurisdiction under the showing made to authorize the entry of a purely personal judgment against the nonresident defendant.

ID.—JUDGMENT ONLY AUTHORIZED TO SUPPORT PROCEEDING IN REM—ATTACHMENT.—A judgment against a nonresident can have no validity or effect at all, except in support of a proceeding *in rem* against the property of the defendant in this state, such as a valid attachment thereof, in so far as the judgment may be satisfied out of the property held under attachment.

ID.—ABSENCE OF PROPERTY TO BE AFFECTED.—Where there is not shown to be property of a nonresident within this state, which the court has jurisdiction to cause its judgments and decrees to operate upon, there is clearly no authority for the entry of a money judgment against him upon service of summons by publication.

ID.—INVALID ATTACHMENT—INSUFFICIENT AFFIDAVIT.—An attachment of the defendant's property is invalid where the affidavit does not state, as required by the statute, "that the attachment was not sought to hinder, delay or defraud any creditor or creditors of defendant," but used the word "judgment" in lieu of the word "attachment," employed in the statute.

ID.—RIGHT TO ATTACHMENT STATUTORY.—The right to an attachment and the mode of procedure for obtaining it are the creatures of statute, depending for their proceedings and regularity upon the terms of the code.

ID.—AUTHORITY OF CLERK—MINISTERIAL DUTY—PROPER AFFIDAVIT ESSENTIAL TO WRIT.—While the clerk performs but a ministerial duty in issuing the writ of attachment, he has no authority to issue it where there is no statement in the affidavit of the facts plainly required to be set forth therein.

ID.—ERROR IN DENYING MOTIONS TO VACATE JUDGMENT AND ATTACHMENT.—As no valid attachment had been levied against defendant's property at the time when judgment was entered, and this fact was made to appear by the files and records of the court, the defendant was entitled to have his motion to set aside the judgment and also his motion to vacate and dissolve the attachment granted, and orders denying such motions must be reversed.

APPEAL from orders of the Superior Court of Los Angeles County denying motions to vacate a judgment and to dissolve an attachment. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Walter J. Horgan, for Appellant.

D. Joseph Coyne, for Respondent.

JAMES, J.—Defendant Buisseret appeals from orders of the superior court denying motions made by him to vacate a default judgment, and to dissolve an attachment. The action was brought to recover the sum of $5,241.04 from defendants for goods, wares and merchandise sold to them. By the bill of exceptions it appears that both of the motions mentioned were presented at the same time. Among the grounds upon which the motions were made it was specified that the court had obtained no jurisdiction over the defendant entitling it to render judgment against him, and that the affidavit upon which the writ of attachment was issued

was insufficient to authorize the issuance of such writ. It was specified as a further objection to the validity of the judgment that the service of summons was made by publication thereof, and that the facts stated in the affidavit upon which the order for publication was based did not make out a sufficient case authorizing the summons to be so served. The files and records of the case were used on the hearing of the motions, including the affidavit on attachment, and the writ.

The affidavits upon which the order for publication of summons was based showed that search had been made for defendant Buisseret in the city of Los Angeles and at and about his last place of residence, that members of defendant's family had informed persons who were attempting to secure service of the summons that Buisseret was not at home, that he was not in the state, and that the informants refused to tell where the said defendant was. As a part of the showing, affidavits of four deputy constables who had attempted to make personal service of summons upon defendant were submitted. The facts shown in the affidavits for publication of summons were sufficient to justify the court in finding, as it did, that defendant could not after due diligence be found within the state, and to support the order that the service of summons be made upon him by publication. (*Rue* v. *Quinn,* 137 Cal. 652, [66 Pac. 216, 70 Pac. 732]; *People* v. *Wrin,* 143 Cal. 11, [73 Pac. 646].)

The judgment entered against defendant was in form a personal one for the recovery of the amount of money sued for. Assuming that service by publication of summons against a defendant who is a resident of this state may authorize the entry of a personal judgment against him, the affidavits for publication of summons used by plaintiff here, and the order of court based thereon, made it appear that the defendant was not within the state of California at the time the order for publication was made, and that he was a nonresident of the state. (*De La Montanya* v. *De La Montanya,* 112 Cal. 101, [53 Am. St. Rep. 165, 44 Pac. 345, 32 L. R. A. 82]; *Boring* v. *Penniman,* 134 Cal. 514, [66 Pac. 739].) There was no jurisdiction under the showing made to authorize the entry of a purely personal judgment against Buisseret. Such a judgment could have no vitality or effect

at all, except where it appeared that the plaintiff held property under a valid attachment at the time of its rendition. If it was made so to appear, the judgment would be considered as one *in rem* in so far as it might be satisfied out of the property so held under attachment. There is clearly no authority for the entry of a money judgment against a nonresident upon service of summons by publication, where there is not shown to be property of such nonresident within this state, which the court has jurisdiction to cause its judgment and decrees to operate upon. (*Anderson* v. *Goff*, 72 Cal. 72, [1 Am. St. Rep. 34, 13 Pac. 73]; *Blanc* v. *Paymaster Min. Co.*, 95 Cal. 530, [29 Am. St. Rep. 149, 30 Pac. 765]; *Brown* v. *Campbell*, 100 Cal. 641, [38 Am. St. Rep. 314, 35 Pac. 433]; *De La Montanya* v. *De La Montanya, supra; Boring* v. *Penniman, supra.*)

Defendant was also entitled to have his motion to vacate the judgment granted if it appeared that no valid attachment had been issued, and property levied upon thereunder, at the time the judgment was entered. The affidavit on attachment furnished by the plaintiff failed to state, as required by the statute, that the "attachment" was not sought to "hinder, delay, or defraud any creditor or creditors of defendant." (Code Civ. Proc., sec. 538.) The affidavit did recite that the "judgment was not sought . . . to hinder, delay, or defraud any creditor or creditors of said defendant." The affidavit was, therefore, fatally defective, and was wholly insufficient to authorize the issuance of the writ of attachment. "The right to an attachment, and the mode of procedure for obtaining it, are the creatures of statute, depending for their existence and regularity upon the terms of the code." (*Kohler* v. *Agassiz*, 99 Cal. 12, [33 Pac. 741].) While it is true that the clerk performs but a ministerial duty in issuing the writ of attachment, he has no authority to issue such writ where there is no statement in the affidavit of the facts plainly required by the statute to be set forth therein. (*McCusker* v. *Walker*, 77 Cal. 212, [19 Pac. 382].)

As no valid attachment had been levied against property of defendant at the time the judgment was entered, and this fact was made to appear by the records and files of the court, defendant Buisseret was entitled to have his motion to set

aside the judgment granted as well as his motion to vacate and dissolve the attachment.

The orders are reversed.

Allen, P. J., and Shaw, J., concurred.