[Civ. No. 1129.    Third Appellate District.—March 25, 1914.]

## AGNES L. SHILLOCK, Respondent, v. PAUL SHILLOCK, Appellant.

DIVORCE—NONRESIDENT DEFENDANT—JURISDICTION TO RENDER JUDGMENT FOR ALIMONY AND SUPPORT OF CHILDREN.—The court has no jurisdiction in an action for divorce against a nonresident upon publication of summons to render a decree for the support of the plaintiff and the minor children of the marriage; and if such a provision is incorporated in the interlocutory decree, the decree will, to that extent, be vacated on motion.

APPEAL from an order of the Superior Court of Solano County.    A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Adams & Adams, for Appellant.

CHIPMAN, P. J.—This is an action for divorce wherein the court proceeded to hear and determine the case upon publication of summons. The affidavit in support of the order for service thus made reads, in part, as follows: "That the defendant last resided in the city of San Diego, county of San Diego, California, but that said defendant has departed from the state of California; that at the time of the commencement of this action the defendant herein, Paul Shillock, resided out of the state of California, and ever since has resided and still resides out of the state of California; that said defendant now resides at, and the present address of said defendant is, number 812 Fourth Street, S. E., Minneapolis, state of Minnesota."

In its interlocutory decree adjudging that plaintiff had established grounds for the dissolution of the bonds of matrimony between plaintiff and defendant, it was ordered that

the care and custody of the minor children be awarded to plaintiff, and that two hundred dollars per month is a reasonable amount for the support and maintenance of the plaintiff and said minor children. It was further ordered as follows: "It is hereby further ordered, adjudged and decreed that the sum of two hundred ($200) dollars a month be paid by said defendant to said plaintiff, for the support of said plaintiff and said minor children of said marriage, and that said sum of $200.00 be paid on the 13th day of June, 1911, and upon the 13th day of each and every month thereafter. Done in open court this 13th day of June, 1911. A. J. Buckles, Judge of the Superior Court."

Defendant, by his attorneys, served notice on the plaintiff that, appearing specially for that purpose, and no other, he would, on November 8, 1911, move the court "for an order of said court vacating the judgment heretofore made, rendered and entered herein on the 13th day of June, 1911, in so far as the same relates to alimony or any provision for the support and maintenance of plaintiff and the minor children of plaintiff and defendant, or for the support or maintenance of plaintiff, or of the minor children of plaintiff and defendant." On June 12, 1912, the court made an order denying said motion. Defendant appeals from this order.

Respondent makes no appearance and has filed no brief.

The question here involved was presented in *De La Montanya* v. *De La Montanya,* 112 Cal. 101, [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345]. The principle there announced was that a personal judgment, upon publication of summons cannot be rendered against a nonresident. So held in *Merchants' Nat. Union* v. *Buisseret,* 15 Cal. App. 444, [115 Pac. 58], and other cases there cited.

The order is reversed, with directions to enter an order granting defendant's motion.

Hart, J., and Burnett, J., concurred.