[Civ. No. 21801. Second Dist., Div. One. June 18, 1956.]

NORMAN CHESIN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; MARGIE LOGAN et al., Real Parties in Interest.

Hunter & Liljestrom and C. R. Liljestrom for Petitioner.

Harold W. Kennedy, County Counsel, David Mix and Thomas H. Carver, Deputies County Counsel, for Respondent.

William B. Rodiger for Real Parties in Interest.

NOURSE (Paul), J. pro tem.*—By his original petition filed herein, petitioner sought a writ of prohibition to prevent the respondent court from taking any further proceedings in an action for wrongful death in which petitioner is the de-

*Assigned by Chairman of Judicial Council.

fendant. By amendment to his petition, he seeks in the alternative a writ of mandate to compel the superior court to quash the service upon him of the summons in the subject action, the service of that summons having been made upon him in the State of Arizona. Petitioner's remedy, if any, is a writ of mandate (Code Civ. Proc., § 416.3 as enacted in 1955).

The relevant facts, as established by the record before us, are: In March, 1954, petitioner was a resident of and domiciled in the county of Los Angeles, State of California. On the 22d of March of that year, while driving an automobile owned by him and registered in this state in his name on a public highway in said county, he was involved in an accident in which one Zetta Wright sustained injuries which resulted in her death. On or about the 15th of September, 1954, petitioner became a resident of and domiciled in the city of Tucson, State of Arizona, and has at all times since been a resident of and domiciled in Arizona. On the 21st of March, 1955, the heirs of Zetta Wright (real parties in interest here) commenced the subject action against petitioner. By their complaint in that action they alleged the occurrence of the accident on March 22, 1954, and alleged that that accident and the death of Zetta Wright were proximately caused by the negligence of petitioner herein. The summons in this action was served upon petitioner on March 16, 1956, in the city of Tucson, State of Arizona.

The sole question presented for determination here is: Did respondent court obtain jurisdiction of the person of petitioner by the service upon him in Arizona of the summons and complaint in the subject action?

The answer to this question depends upon the interpretation to be placed upon sections 412, 413, 416, and 417 of the Code of Civil Procedure, and sections 404.1, 404.2, and 404.3 of the Vehicle Code of this state.

Section 412 of the Code of Civil Procedure provides, so far as relevant here, that where a person on whom service is to be made resides out of the state, that service may be made upon him by the publication of the summons. Section 413 provides that where the residence of a nonresident is known, the court must direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to him at his place of residence, and that personal service outside of the state is equivalent to publication and deposit in the post office. Section 416 provides that from the time of

service the court is deemed to have acquired jurisdiction of the person of the party served.[1]

Prior to 1940 it had been uniformly held that the courts of this state could not acquire jurisdiction of the person of a defendant by the service of summons by publication, or by actual service upon him outside of the state of California (*Frey & Horgan Corp.* v. *Superior Court*, 5 Cal.2d 401 [55 P.2d 203]; *De La Montanya* v. *De La Montanya*, 112 Cal. 101 [44 P. 345, 53 Am.St.Rep. 165, 32 L.R.A. 82]; *Merchants' Nat. Union* v. *Buisseret*, 15 Cal.App. 444 [115 P. 58]; *Pinon* v. *Pollard*, [2]69 Cal.App.2d 129 [158 P.2d 254]). These decisions were founded upon the decision of the Supreme Court of the United States in *Pennoyer* v. *Neff*, 95 U.S. 714 [24 L.Ed. 565].

In 1940 the Supreme Court of the United States handed down its decision in *Milliken* v. *Meyer*, 311 U.S. 457 [61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357]. In this decision the court limited the application of the rule laid down in *Pennoyer* v. *Neff*, and in applying a statute of the state of Wyoming similar in effect to sections 412 and 413 of the Code of Civil Procedure of this state, held that the courts of Wyoming obtained jurisdiction to render a personal judgment against the defendant, who was domiciled in Wyoming at the time the action against him was commenced, but who was a resident of Colorado when served with process in that state.

While in *Milliken* v. *Meyer*, Meyer was a domiciliary of Wyoming at the time of the commencement of the action, the language used by the Supreme Court of the United States was so broad that it might be interpreted as applying to a case where the defendant was domiciled in the state where the action was commenced at the time the cause of action arose, although he was not so domiciled at the time of the commencement of the action.

In order to clarify and make definite the rule in California, and to make it clear that residence in the state at the time the cause of action arose did not make a resident of the state subject to service of process outside the state in an action commenced after he left the state even though California

---

[1]These sections have remained substantially unchanged insofar as the questions here are concerned, since their enactment in 1872.

[2]This case was decided in 1945, but the court refused to apply the decision of the Supreme Court of the United States in *Milliken* v. *Meyer*, *post*.

was the state of his domicile, the State Bar of California sponsored,[3] and in 1951 the Legislature enacted, section 417, Code of Civil Procedure. This section in substance provides that a court of this state shall only have power to render a personal judgment against a person served by publication in accordance with sections 412 and 413, Code of Civil Procedure, if he is personally served with a copy of the summons and complaint, and *"was a resident of this State at the time of the commencement of the action or at the time of service."* (Emphasis added.) This was the state of the law at the time petitioner ceased to be a resident or domiciliary of this state, and this was the law at the time of the commencement of the subject action.

In 1935 the Legislature enacted section 404 of the Vehicle Code of this state, which provides for substituted service upon a nonresident of the state against whom a cause of action has arisen by reason of his operation of a motor vehicle upon the highways of this state.

After the enactment of section 417, Code of Civil Procedure, it became apparent that a resident of this state who left the state after a cause of action had arisen against him because of his negligent operation of an automobile upon the highways of the state, but before any action was commenced against him, was in a more advantageous position than a nonresident, inasmuch as he was not, but a nonresident driver was, subject to service of process outside the state. To remedy this situation, the State Bar sponsored, and the Legislature in 1955 enacted, sections 404.1 through 404.4, both inclusive, of the Vehicle Code.[4]

It is upon the basis of the provisions of sections 404.1 and 404.2, Vehicle Code, that respondent and the real parties in interest respondent here, contend that the service upon petitioner in Arizona of the summons and complaint in the subject action gave the respondent court jurisdiction of petitioner's person.

Keeping in mind that at the time the accident in question occurred,[5] and that at the time petitioner left the state of

---

[3]See report of the State Bar Committee for the Administration of Justice, 23 State Bar J. 196, 25 State Bar J. 287; and *Allen* v. *Superior Court,* 41 Cal.2d 306, 313 [259 P.2d 905].

[4]See State Bar J. 304; 305.

[5]We presume for the purposes of this decision that petitioner had obeyed the law and held a California driver's license at the time of the accident in question.

California and ceased to be domiciled therein or a resident thereof, he did not, by registering his automobile in this state or by obtaining or retaining a license to drive an automobile in this state, give any consent that process might be served upon him outside the boundaries of the state, a reading of the sections of the Vehicle Code in question makes it evident that they do not furnish any basis upon which jurisdiction of the person of the defendant may be acquired by service of process upon him outside of California.

 Section 404.1 provides that the acceptance by *a resident of this state* of a certificate of ownership or a certificate of registration of any motor vehicle or a renewal thereof shall constitute a consent by such person that personal service of summons may be made upon him at any place ''whether or not he is then a resident of this state.'' Certainly the section does not purport to be retrospective, so as to make the acceptance of registration before the enactment of the statute a consent to the service of process upon the owner or registrant of the automobile; so we need not consider whether such a retrospective provision would be constitutional.

 Unless the wording of a statute clearly indicates the intent of the Legislature that it should be retrospective in operation, the courts will not so construe it (11 Cal.Jur.2d, § 225, p. 643; *Pignaz* v. *Burnett,* 119 Cal. 157, 160 [51 P. 48] ; *Aetna Cas. & Surety Co.* v. *Industrial Acc. Com.,* 30 Cal.2d 388, 393 [182 P.2d 159]).[6]

 The record here does not negative the fact that after he left the state petitioner renewed in this state the registration of his automobile; but if we assume that he did so, still that act would not constitute a consent by him that he might be served with process outside the state, for by the very wording of the section it is only the acceptance ''by a resident of this state'' of a certificate of ownership or registration which has that effect. Certainly it could not constitute a consent to such service in an action commenced after he left the state and before the enactment of the statute.

 What we have just said as to the provisions of section

[6]Vehicle Code, sections 404.1 through 404.4 were adopted by the same act of the Legislature (Stats. 1955, chap. 796) and each section is a part of a scheme of legislation. Section 404.2 makes it clear that it was the intent of the Legislature that the legislation should not operate retrospectively; for it expressly provides that it is only the acceptance of an operator's or a chauffeur's license after the effective date of the act that shall constitute a consent.

404.1 is equally applicable to section 404.2; and while the facts here do not negative the fact that petitioner did not surrender his operator's license upon ceasing to be a resident of the state, still by the very wording of the statute it is only the retention of a license by a *resident of this state* that constitutes consent to the service of process outside the state.

By their very terms, sections 404.1 through 404.4 of the Vehicle Code apply only to persons who were residents of the state at the time the statutes became effective. They do not apply, and cannot be interpreted so as to apply, to former residents of the state who, at the time the statute became effective, were domiciled in and residents of other jurisdictions.

Respondents argue that the Legislature had power to provide for the service of summons outside the state on any person domiciled within the state at the time the cause of action arose against him, and that therefore we should construe this legislation as if it expressly so provided. There is no merit in this argument, and the simple answer to it is that the Legislature did not so enact. The Legislature did not amend section 417 of the Code of Civil Procedure, but left the limitations, of that section, upon the right to secure a judgment *in personam* where process was served outside the state in full effect, and expressly based the right to obtain jurisdiction *in personam*, in actions arising out of the operation by a resident of a vehicle upon the highways of the state, upon a consent by the resident to such service manifested in the manner set forth in the statute.[7]

Let a peremptory writ of mandate issue, requiring respondent court to enter its order quashing the service of summons upon the petitioner in action number 641786 in that court.

White, P. J., and Fourt, J., concurred.

Please paste the following as a footnote in your copy of Volume 142 Cal. App. 2d at page 366:

[7] A strong argument could be made that an amendment of section 417, Code of Civil Procedure, which made residence at the time a cause of action arose the basis for securing jurisdiction of the person by service outside the state, but which limited that part of the section to actions arising out of the operation of an automobile on the highways of the state, would contravene the 33d paragraph of section 25 of article 4 of the Constitution of this state.