[Civ. No. 21823.   Second Dist., Div. One.   Apr. 30, 1957.]

SUSANNE HOUSE, a Minor, etc., et al., Appellants, v. WILLIAM HAROLD TUCKER et al., Respondents.

Clarence A. Rogers for Appellants.

J. F. Goux for Respondents.

DRAPEAU, J. pro tem.*—June 1, 1954, the minor plaintiff, while riding in an automobile driven by one of the defendants, was injured by negligence of the driver of that vehicle and the drivers of two other vehicles, as alleged in her complaint for damages.

Austin Ward Hall, driver of one of the other cars, was also a minor.  His father, Ward A. Hall, was the owner of that car.  Mr. Hall and his wife had signed Austin's application for a driver's license.

At the time of the accident the Hall family were residents of Santa Barbara, California.  About August 1, 1954 (three months after the accident) they moved to Texas.  Since then they have been residents of that state.

The complaint was filed, and summons issued, May 23, 1955, in Santa Barbara County, California.

There was no publication of summons.  The only thing done was to serve the summons and a copy of the complaint upon defendant, Ward A. Hall, in San Antonio, Texas, October 3, 1955.

Apparently this was done in reliance upon, and in con-

*Assigned by Chairman of Judicial Council.

formity with sections 404.1 and 404.3 of the Vehicle Code of California.

Vehicle Code, sections 404.1, 404.2, 404.3, and 404.4, were enacted by the Legislature of California in 1955, and became law in September of that year. This was after the filing of the complaint, issuance of summons, and service thereof upon Ward A. Hall.

Upon motion, service of the summons was quashed as to defendant, Ward A. Hall, by order of the Superior Court of Santa Barbara County. Plaintiff appeals from this order.

Therefore, as stated in plaintiff's opening brief, the undisputed facts in this case present but one question: Did sections 404.1 and 404.3 of the Vehicle Code apply to actions for damages arising out of accidents of motor vehicles, *pending when the law went into effect*? Or, stated in another way, did the superior court acquire jurisdiction of the person of Ward A. Hall by the service upon him in Texas of the summons and a copy of the complaint in this action?

The legal fraternity in the United States has struggled with the validity of service of judicial summons outside the forum of actions *in personam* ever since state lines were first drawn. It would be hard to find a lawyer or a judge who has not pondered over the landmark case of *Pennoyer* v. *Neff* (1877), 95 U.S. 714 [24 L.Ed. 565].

The broad language in *Pennoyer* v. *Neff*, that jurisdiction may never be acquired by service of process only outside the state in which the forum exists, was modified in 1940 by the Supreme Court of the United States in *Milliken* v. *Meyer*, 311 U.S. 457 [61 S.Ct. 339, 85 L.Ed. 278, 132 A.L.R. 1357].

And in *Allen* v. *Superior Court*, 41 Cal.2d 306 [259 P.2d 905], our own Supreme Court of California, applying the law in the Milliken case, states the basic social reasoning for the modification of the old rule:

"The decision in the Milliken case is entirely in keeping with present-day needs affecting the power of a state to acquire jurisdiction over persons who have departed from its borders. The increasingly artificial nature of state boundaries, the expanding of metropolitan areas into two or more states, and the multiplying transportation facilities, especially through the widespread use of automobiles and trucks affecting the mobility of population, all bear significantly on the problem of process. The necessities of the situation are recognized in the nonresident motorist statutes (e.g., Veh. Code, § 404) permitting an injured person to obtain effective redress against

transient motorists. Jurisdiction in such cases is predicated upon the theory of consent of the nonresident to substituted or constructive service and the appointment of the secretary of state or like officer as agent for receipt of service of process. (Citing cases.) This consent is largely fictional but it meets the problem of process in regard to highway automobile accidents involving nonresident motorists. (Citing authorities.) However, these statutes, in order to be valid, must provide some method of service reasonably designed to give notice of the action to the defendant. (Citing cases and authorities.)'' (Pp. 311-312.)

In the case now before this court, notwithstanding that defendant Ward A. Hall had notice of the action against him, there was no statutory law upon which to predicate jurisdiction over him by consent. ▪ Our Vehicle Code, sections 404.1 et seq., do not apply to former residents of this state who changed their domicile to another state before the law went into effect. (*Chesin* v. *Superior Court,* 142 Cal.App.2d 360 [298 P.2d 593].)

In the Chesin case this court states the reasons for this rule, as follows:

''While in *Milliken* v. *Meyer,* Meyer was a domiciliary of Wyoming at the time of the commencement of the action, the language used by the Supreme Court of the United States was so broad that it might be interpreted as applying to a case where the defendant was domiciled in the state where the action was commenced at the time the cause of action arose, although he was not so domiciled at the time of the commencement of the action.

''In order to clarify and make definite the rule in California, and to make it clear that residence in the state at the time the cause of action arose did not make a resident of the state subject to service of process outside the state in an action commenced after he left the state even though California was the state of his domicile, the State Bar of California sponsored, and in 1951 the Legislature enacted, section 417, Code of Civil Procedure. This section in substance provides that a court of this state shall only have power to render a personal judgment against a person served by publication in accordance with sections 412 and 413, Code of Civil Procedure, if he is personally served with a copy of the summons and complaint, and *was a resident of this State at the time of commencement of the action or at the time of service.*' (Emphasis added.) This was the state of the law at the time petitioner

ceased to be a resident or domiciliary of this state, and this was the law at the time of the commencement of the subject action.

"In 1935 the Legislature enacted section 404 of the Vehicle Code of this state, which provides for substituted service upon a nonresident of the state against whom a cause of action has arisen by reason of his operation of a motor vehicle upon the highways of this state.

"After the enactment of section 417, Code of Civil Procedure, it became apparent that a resident of this state who left the state after a cause of action had arisen against him because of his negligent operation of an automobile upon the highways of the state, but before any action was commenced against him, was in a more advantageous position than a nonresident, inasmuch as he was not, but a nonresident driver was, subject to service of process outside the state. To remedy this situation, the State Bar sponsored, and the Legislature in 1955 enacted, sections 404.1 through 404.4, both inclusive, of the Vehicle Code.

"It is upon the basis of the provisions of sections 404.1 and 404.2, Vehicle Code, that respondent and the real parties in interest respondent here, contend that the service upon petitioner in Arizona of the summons and complaint in the subject action gave the respondent court jurisdiction of petitioner's person.

"Keeping in mind that at the time the accident in question occurred, and that at the time petitioner left the state of California and ceased to be domiciled therein or a resident thereof, he did not, by registering his automobile in this state or by obtaining or retaining a license to drive an automobile in this state, give any consent that process might be served upon him outside the boundaries of the state, a reading of the sections of the Vehicle Code in question makes it evident that they do not furnish any basis upon which jurisdiction of the person of the defendant may be acquired by service of process upon him outside of California." (Pp. 363, 364, 365.)

For the foregoing reasons it appears that the superior court was correct in granting defendant's motion to quash service of the summons.

The order is affirmed.

White, P. J., and Fourt, J., concurred.