800

[Civ. No. 17328.   First Dist., Div. Two.   June 19, 1957.]

IRVIN MAX RADNER, Appellant, v. OLIVER ROGER
EIDE et al., Respondents.

Philander Brooks Beadle and John T. Tully for Appellant.

Ropers & Majeski and Robert F. Kane for Respondents.

KAUFMAN, P. J.—■ This is an appeal from an order granting the respondent's motion to quash service of summons in an action brought by the appellant, Irvin Max Radner, in the Superior Court of the County of San Mateo.  Such an order is appealable under Code of Civil Procedure, section 963, subdivision 4.

The facts which are not disputed are as follows: In February 1954, the respondent was a resident of the City of Mountain View, in Santa Clara County.  On February 22, 1954, while driving an automobile owned by him on a public highway in said county he was involved in an accident in which the appellant was injured.  On March 1, 1954, the respondent moved to the State of Washington and has since that date at all times been a resident and domiciliary of the State of Washington.  The complaint in this action was filed

on February 21, 1955. The summons was issued on the same date, and personal service of the summons and a copy of the complaint was made on the respondent on March 12, 1956, in the State of Washington by Deputy Sheriff L. R. Williams, a public officer of the County of Kitsap, State of Washington, duly authorized to serve process. On April 3, 1953, the respondent was issued a California vehicle operator's license, Number Z1002701 which expired on April 3, 1957.

The only issue on appeal is whether personal jurisdiction of the respondent was obtained by service of the summons and copy of the complaint in the State of Washington on March 12, 1956.

Appellant contends that the trial court erred in granting the respondent's motion to quash the service of the summons, because the respondent consented to the service, under Vehicle Code, section 404.1 to section 404.4, which are as follows:

"*Section 404.1. Service of Process on Resident Accepting Certificate of Ownership or Registration.* The acceptance by a resident of this State of a certificate of ownership or a certificate of registration of any motor vehicle or any renewal thereof, issued under the provisions of this code, shall constitute the consent by such person that personal service of summons may be made upon him at any place where he may be found, whether or not he is then a resident of this State, with the same force and effect as though served within this State, in any action brought in the courts of this State upon a cause of action arising in this State out of the ownership or operation of said vehicle. (Added by Stats. 1955, ch. 796, p. 1397, § 1.)

"*Section 404.2. Service of Process on Person Accepting or Retaining Operator's or Chauffeur's License.* The acceptance by a resident of this State after the effective date of this section, of an operator's or chauffeur's license issued pursuant to the provisions of this code, shall constitute the consent of such person that personal service of summons may be made upon him at any place where he may be found and whether or not he is then a resident of this State, with the same force and effect as if served within the State in any action brought in the courts of this State upon a cause of action arising in this State out of his driving a motor vehicle upon any public road or highway in this State.

"The retention of an operator's or chauffeur's license issued under the provisions of this code by a resident of this

State for more than 180 days after the effective date of this section shall likewise operate as a consent of the licensed holder to the service of summons as hereinbefore provided for as to a person accepting an operator's or chauffeur's license after said effective date. (Added by Stats. 1955, ch. 796, p. 1397, § 2.)

"*Section 404.3. Manner of Serving Process; Time to Appear.* In the event summons is served outside of this state, pursuant to the provisions of Sections 404.1 and 404.2, it may only be served by a public officer of the state in which service is made, qualified by the laws of that state to serve process, or by an elisor appointed for that purpose by the court out of which the summons is issued. In the event of such service outside the state, the person so served shall have 60 days in which to appear in the action in which the summons is issued. (Added by Stats. 1955, ch. 796, p. 1398, § 3.)

"*Section 404.4. When Statutes of Limitation Are Not Tolled.* Notwithstanding any provisions of Section 351 of the Code of Civil Procedure to the contrary, when summons may be personally served upon a person as provided in Sections 404.1 and 404.2, the time of his absence from this state is part of the time limited for the commencement of the action described in said sections, except when he is out of this state and cannot be located through the exercise of reasonable diligence; provided, this Section 404.4 in no event shall be applicable in any action or proceeding commenced on or before September 7, 1956. (Added by Stats. 1955, ch. 796, p. 1398, § 4.)''

This statute became effective on September 7, 1955, at which time the respondent was no longer a resident of this state. It is appellant's argument that the controlling date is not the effective date of the statute, but the date of service, which was March 12, 1956. Appellant relies on *Smith* v. *Finley,* 112 Cal.App.2d 599 [246 P.2d 989] and *Lebkicher* v. *Crosby,* 123 Cal.App.2d 631 [267 P.2d 361], which were concerned with the interpretation of Civil Code, section 956, which provides for the survival of actions for personal injury, and which held that the code section could apply to an accident which occurred before the effective date of the statute, provided, the death of the tort feasor occurred after the effective date of the statute. These cases are not relevant here.

The statute in question here has recently been construed in the case of *Chesin* v. *Superior Court,* 142 Cal.App.2d 360 [298 P.2d 593], in which, on identical facts, the court granted a writ of mandamus to stay further proceedings in a wrong-

ful death action to a petitioner who had been a resident of California at the time of the accident, but who on the effective date of the statute, and the date of filing of the complaint and service of summons was a resident and domiciliary of Arizona.

■ The court said at page 366: "By their very terms, sections 404.1 through 404.4 of the Vehicle Code apply only to persons who were residents of the state at the time the statutes became effective. They do not apply, and cannot be interpreted so as to apply, to former residents of the state who, at the time the statute became effective, were domiciled in and residents in other jurisdictions." The court also concluded that the statute was not intended to operate retrospectively because of the language of section 404.2, and thus did not reach the question of the constitutionality of the retrospective application of section 404.1, which is worded differently than section 404.2. (*Supra*, pp. 365, 366.) The court rejected the argument that the Legislature had power to provide for service of summons outside the state on any person domiciled within the state at the time the cause of action arose against him, as the Legislature rejected an amendment to section 417 of the Code of Civil Procedure which would have added residence at the time the cause of action arose as another basis for personal jurisdiction. (Final Calendar Legislative Business, California Legislature, 1955 Regular Session, Assembly Final History, A.B. 2612, p. 857.) The Chesin case was followed on identical facts in *House* v. *Tucker*, 150 Cal.App.2d 580 [310 P.2d 53].

Vehicle Code, sections 404.1 to 404.4, were made necessary by the fact that the California nonresident motorist statute, Vehicle Code, section 404, applies only to persons who were not residents of this state at the time of the accident, and under the limitations placed on sections 412 and 413 of the Code of Civil Procedure by section 417, personal jurisdiction is obtained only over persons who are residents of this state at the time of the commencement of the action or at the time of service. (*Allen* v. *Superior Court*, 41 Cal.2d 306 at p. 312 [259 P.2d 905].) Nonresident motorist statutes in other jurisdictions made residence at the time of the accident, controlling, with regard to persons who are residents at the time of the accident and subsequently become nonresidents.. (Consolidated Laws of New York, Vehicle & Traffic 52-(a); Purdon's Penn. Statutes, tit. 75, § 1201; Wis.Stat. 1955, § 85.05 (6) & (7); Ariz. Rev. Code Ann., 28-502-(C); Ill. Rev. Stat. 1951, ch., 95½, par. 23.) The retroactive application of the

Illinois statute was upheld in *Ogden* v. *Gianakos,* 415 Ill. 591 [114 N.E.2d 686], as being a statute in aid of jurisdiction, a similar ground as that used by our Supreme Court in upholding the retroactive application of section 417 of the Code of Civil Procedure in the Allen case, *supra.* The same cannot be said of section 404.1 here as the very purpose of section 404.1 to section 404.4 of the Vehicle Code was to put persons who were residents at the time of the accident in the same position as nonresidents. (Senate Interim Judiciary Committee, Report of March 1955, pp. 31-32.) Therefore, the statute in the Chesin case was properly construed.

In view of the holding in *Chesin* v. *Superior Court, supra,* the question here involved is no longer open unless and until changed by our state Supreme Court.

Accordingly, the order of the trial court finds support in the law and must be affirmed.

Order affirmed.

Dooling, J., and Draper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 13, 1957. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.