[Civ. No. 22292.    Second Dist., Div. One.    Sept. 24, 1957.]

EVELYN ABRAMS et al., Appellants, v. HERBERT
LEONARD STONE, Respondent.

Samuel A. Rosenthal and Joseph Ostrow for Appellants.

Fitzgerald, Cozy, Gyger & Nelson and Hugh J. Haferkamp for Respondent.

WHITE, P. J.—Plaintiffs instituted this action to recover damages for bodily injuries allegedly suffered by plaintiff Evelyn Abrams, and for consequent loss of consortium by plaintiff Emil Abrams, arising out of an automobile accident which occurred in Los Angeles County on July 31, 1955.

On July 6, 1956, plaintiffs filed their action in the Superior Court of Los Angeles County against defendants Max Hager, the driver of the automobile in which plaintiff Evelyn Abrams was riding as a passenger or guest, and defendant Herbert Leonard Stone (hereinafter referred to as respondent), the driver of the other automobile involved in the collision. Defendant Max Hager filed his answer to the complaint on August 20, 1956.

On July 17, 1956, respondent Stone was personally served with a copy of the complaint and summons at his residence in Scottsdale, Arizona, by a deputy sheriff of Maricopa County, Arizona. It is conceded that at the time of the accident and for approximately eight years prior thereto, respondent had been a resident of the State of California. That on June 24, 1956, approximately 10 months after the accident occurred, and about 11 days before the complaint herein was filed, respondent made a bona fide change of residence and domicile from California to the State of Arizona.

On September 13, 1956, respondent filed a notice of special appearance and motion to quash summons and service thereof upon him. The motion was grounded on the claim that the service of process upon respondent was null and void, and that the court had no jurisdiction over him because, while he was a resident of the State of California at the time of the accident sued upon, he was absent from this state at the time of service of process upon him. That such service was further invalid and conferred no jurisdiction upon the courts of California because while respondent was a resident of this state at the time of the accident, it occurred prior to the

effective date of the 1955 Vehicle Code amendments to section 404, to wit, sections 404.1, 404.2, and 404.3. Respondent further contends that the legislative intent in enacting Vehicle Code, sections 404.1 and 404.2, was not retrospective and did not contemplate the inclusion of causes of action arising prior to the effective date of the statutes, and finally, that if the legislative intent was that Vehicle Code, sections 404.1, 404.2 and 404.3, should be retrospective, said sections are unconstitutional and in derogation of the rights and liberties of respondent, under both the Constitutions of the United States and the State of California (U.S. Const., 14th Amendment; Cal. Const., art. I, § 13). The effective date of the foregoing Vehicle Code amendments to section 404, to wit, sections 404.1, 404.2, 404.3 and 404.4, was September 7, 1955.

By its order, the court granted respondent's motion to quash summons and service thereof upon him. From such order plaintiffs prosecute this appeal.

The pertinent sections of the Vehicle Code affecting determination of the issues presented on this appeal are as follows:

"404.1. *Service of Process on Resident Accepting Certificate of Ownership or Registration.* The acceptance by a resident of this State of a certificate of ownership or a certificate of registration of any motor vehicle or any renewal thereof, issued under the provisions of this code, shall constitute the consent by such person that personal service of summons may be made upon him at any place where he may be found, whether or not he is then a resident of this State, with the same force and effect as though served within this State, in any action brought in the courts of this State upon a cause of action arising in this state out of the ownership or operation of said vehicle."

"404.2. *Service of Process on Person Accepting or Retaining Operator's or Chauffeur's License.* The acceptance by a resident of this State, after the effective date of this section, of an operator's or chauffeur's license issued pursuant to the provisions of this code, shall constitute the consent of such person that personal service of summons may be made upon him at any place where he may be found and whether or not he is then a resident of this State, with the same force and effect as if served within the State in any action brought in the courts of this State upon a cause of action arising in this State out of his driving a motor vehicle upon any public road or highway in this State.

"*The retention of an operator's or chauffeur's license issued*

*under the provisions of this code by a resident of this State for more than 180 days after the effective date of this section shall likewise operate as a consent of the licensed holder to the service of summons as hereinbefore provided for as to a person accepting an operator's or chauffeur's license after said effective date."* (Emphasis added.)

The historical background of the foregoing amendments to the Vehicle Code was set forth in the case of *Chesin* v. *Superior Court,* 142 Cal.App.2d 360, 363, 364 [298 P.2d 593]. In the case just cited the facts are analogous to those presented in the proceeding now before us except that in the Chesin case the defendant became a resident of the State of Arizona one year prior to the effective date of the foregoing legislative amendments, while in the instant case, although the accident occurred prior to the effective date of the amendments, the latter were in full force and effect for some 10 months prior to the time respondent departed from the State of California. In the Chesin case, *supra,* we held that the acceptance of a certificate of ownership or registration or the acceptance of an operator's or chauffeur's license before the effective date of the amendments did not constitute a consent to the service of process upon the owner or registrant of the vehicle or upon a person *accepting* an operator's or chauffeur's license. However, the court was not there concerned as we are, with the question of the retention by a resident of this state of an operator's or chauffeur's license for more than six months after the effective date of section 404.2.

It is conceded that respondent herein was a resident of this state on the effective date of the amendments, September 7, 1955, and continued as such resident for some nine months thereafter. ■ In the case of *Chesin* v. *Superior Court, supra,* page 365, we said: "Certainly the section does not purport to be retrospective, so as to make the acceptance of registration before the enactment of the statute a consent to the service of process upon the owner or registrant of the automobile . . ." Since the accident with which we are here concerned occurred July 31, 1955, prior to the effective date of the amendment (§ 404.1), and assuming respondent was then the possessor of a certificate of registration thereof, such possession would not amount to a consent to the service of process upon him at "any place where he may be found whether or not he is then a resident of this state." Appellants having failed to establish that respondent, subsequent to the effective date of the statute, accepted a renewal of any certifi-

cate of ownership or registration, it follows that insofar as section 404.1 is concerned, appellants failed to establish one of the basic elements necessary to justify service under the provisions of said section.

We are however, confronted with the conceded fact that respondent continued to be a resident of California for more than 180 days after the effective date of section 404.2, and if he was a licensed operator or chauffeur on September 7, 1955 (effective date of this section), and continued so to be for six months thereafter, then he is amenable to the aforesaid italicized provisions of Vehicle Code, section 404.2, above mentioned, subject of course to the question of whether the Legislature intended said section to apply to causes of action, that like the present one, existed prior to September 7, 1955 (effective date of the amendment), and if so, whether such an amendment would be violative of the Fourteenth Amendment to the Constitution of the United States, and article I, section 13, of the Constitution of California.

█ If appellant is to prevail upon this appeal on the basis of section 404.2 the record must show (1) that respondent either accepted an operator's or chauffeur's license after the effective date of the statute, or (2) the retention of his existing license for a period of 180 days after the effective date of the statute. █ Concerning ourselves with the second proviso just mentioned, viz., retention of an operator's license for 180 days after the effective date of the statute, it is manifest that the law requires one who drives an automobile to have in his possession a valid and unrevoked operator's license. █ There is a rebuttable presumption "That the law has been obeyed" (Code Civ. Proc., § 1963, subd. 33), and "That a person is innocent of crime or wrong" (Code Civ. Proc., § 1963, subd. 1). Since it is a crime to violate the driver's license requirement of the Motor Vehicle Code, (§ 230), indulging in the foregoing presumptions that respondent had obeyed the law and held a California driver's license, and the further presumption, "That a thing once proved to exist continues as long as is usual with things of that nature" (Code Civ. Proc., § 1963, subd. 32), we have a legal premise that respondent on the date of the accident possessed a valid driver's license, and since he did not depart from California for more than 180 days after the effective date of the statute that he presumptively continued to hold his California driver's license for the time provided in section 404.2. █ Respondent's contention that "There is not one shred of evidence in the record,

indeed there is no mention that Stone (respondent) was a person licensed to operate a vehicle in California, either before or after the cause of action arose or before or after the statute (§ 404.2) became effective,'' ignores the fact that a rebuttable presumption is a species of evidence which, standing alone, will support a finding even against contradictory evidence (*Wachner* v. *Richardson*, 14 Cal.App.2d 422, 428 [58 P.2d 714]; *Standard Oil Co.* v. *Houser*, 101 Cal.App.2d 480, 488 [225 P.2d 539]). And, unless a rebuttable presumption is controverted, the trier of fact is bound to find according to the presumption (Code Civ. Proc., § 1961). Respondent urges that, ''a presumption based upon a presumption is not a legitimate means of establishing a fact.'' ▆ In speaking of pyramiding an inference upon an inference, the court stated in *Brunzell Const. Co., Inc.* v. *G. J. Weisbrod, Inc.*, 134 Cal. App.2d 278, 287 [285 P.2d 989], quoting from *Ybarra* v. *Spangard*, 93 Cal.App.2d 43, 47 [208 P.2d 445], ''In a civil case, if the first inference is a reasonably probable one it may be used as a basis for a succeeding inference'' (See also *Vaccarezza* v. *Sanguinetti*, 71 Cal.App.2d 687, 698 [163 P.2d 470]). ▆ The evidentiary strength of the foregoing presumption gains force and momentum in the case at bar because of respondent's failure to deny that he possessed a driver's license on the effective date of the statute or that he retained one so possessed, for more than 180 days after September 7, 1955, while still retaining his residence in this state. The aforesaid presumptions are to be considered by the trial court in the same manner as any proven facts before it. ▆ As has often been reiterated by our courts it is as noted above a species of evidence. ▆ It is true, as urged by respondent, that ordinarily, the burden of proving every element of the claim that the court had jurisdiction over respondent rests upon appellants where respondent moves to quash service, but, as was said by our Supreme Court in *Garcia* v. *Industrial Acc. Com.*, 41 Cal.2d 689, 694 [263 P.2d 8], ''But for practical reasons the burden of explanation or of going forward with the evidence is sometimes placed on a party-opponent who has information lacking to the one who asserts and seeks to establish a fact. Familiar examples of this procedural device are the doctrine of res ipsa loquitur (see e.g., *Ybarra* v. *Spangard* (1944), 25 Cal.2d 486, 490 [154 P.2d 687, 162 A.L.R. 1258]; *Dierman* v. *Providence Hospital* (1947), 31 Cal.2d 290, 294 [188 P.2d 12]) and the use of special presumptions against a defendant in a criminal case where there is a rational

connection between a fact proved by the prosecution and a presumed fact which can best be explained by the defendant (see e.g., *People* v. *Scott* (1944), 24 Cal.2d 774, 779 [151 P.2d 517])." To the foregoing could be added cases in which licenses are required for the practice of a profession such as medicine, dentistry, and law, wherein, once the prosecution has proved that the accused has been practicing such profession, the burden of producing evidence that the defendant is in possession of the required license is placed upon the latter because it concerns a fact peculiarly within the knowledge of the accused and "lacking to the one who asserts and seeks to establish a fact." Such a situation is present in the instant case. Since the presumptions to which we have alluded remain uncontroverted, we are persuaded that a prima facie factual basis was established to satisfy the requirements of section 404.2 and confer upon the court jurisdiction of the person of respondent. We do not regard the case of *Chesin* v. *Superior Court, supra,* as determinative of the case now before us because in the cited case the defendant left the state of California not only before commencement of the action, but before the enactment of the statute, while in the case at bar, respondent remained such a resident for some 10 months after the effective date of the enactment.

It now becomes necessary to give consideration to respondent's contention that the Legislature did not intend that sections 404.1 and 404.2 should be applied to causes of action existing prior to September 7, 1955, the effective date of the enactments. But, was there any retroactivity involved in the application of Vehicle Code sections 404.1 and 404.2, to this case? We think not. ▄▄▄ "'A statute is not made retroactive merely because it draws upon facts antecedent to its enactment for its operation' (citing cases). It must give the previous transaction to which it relates some different legal effect from that which it had under the law when it occurred (*Ware* v. *Heller,* 63 Cal.App.2d 817, 821 [148 P.2d 410]). This meaning of the word 'retroactive' applies both to the rule which disfavors the construction of a statute as having retroactive application (82 C.J.S., Statutes §§ 412, 414, p. 980 et seq.), and to the retroactive character of a statute as grounds of possible unconstitutionality. (16 C.J.S., Constitutional Law, § 414 et seq., p. 856 et seq.)" (*Holt* v. *Morgan,* 128 Cal.App.2d 113, 116, 117 [274 P.2d 915]). We fail to perceive what different legal effect was created by the statutory amendments here in question solely as a result of

the fact that the accident occurred before the effective date of the statutes. To be retroactive a statute must give a previous transaction to which it relates some different legal effect from that which it had under the law when it occurred (*Holt* v. *Morgan, supra,* pp. 116, 117). No new or different burdens were imposed upon respondent as a result of the occurrence of the accident. Being a resident of this state he was subject to suit so long as he remained such resident and the action was commenced within the statute of limitations. ▮ The principle which forbids application of new enactments or revisions retroactively, applies only to statutes dealing with vested or substantive rights (*Hadlich* v. *American Mail Line,* 82 F. Supp. 562, 563). ▮ It is also well established that statutes effecting changes in civil procedure or remedy may have valid retrospective application (*Security-First Nat. Bank of Los Angeles* v. *Sapkin,* 19 Cal.App.2d 224, 226 [64 P.2d 1097, 66 P.2d 656]; *Arques* v. *National Superior Co.,* 67 Cal. App.2d 763, 778 [155 P.2d 643]). In *United States* v. *National City Lines,* 80 F.Supp. 734, 738, (certiorari denied, 337 U.S. 79, 93 [69 S.Ct. 955, 93 L.Ed. 1226]) it was held that matters of venue and change of venue are ordinarily mere incidences of procedure, and may have valid retrospective operation. In the instant case, it was not the happening of the accident or the liability if any of respondent in connection therewith, that is affected by the statute. It was his departure from the state that brought him within its purview. ▮ Since the statute was adopted long before respondent left the State of California, and since it was his departure from this state that made him subject to the statute, we perceive no impairment of his vested or substantive rights. Admittedly, respondent was a resident of California both at the time of the effective date of the legislation and up to the time when he established his residence in Arizona. Thus it follows that it was respondent's own acts and conduct, subsequent to enactment, that brought the statute into operation, and not the operation of the statute on a preexisting set of facts. The whole idea of the legislation here under consideration was to continue unimpaired against a resident of this state who subsequently becomes a nonresident, precisely the same right of redress through the California courts which would have bound him had he remained a resident of this state. As was said in *Allen* v. *Superior Court,* 41 Cal.2d 306, 313 [259 P.2d 905]: "As a citizen of the state wherein the action was commenced, he had certain responsibilities arising

out of his relationship to that state by reason of domicile, one of which was amenability to suit therein. Such relationship and responsibility based on citizenship within the state are not terminated by his subsequent removal to another state, and he may be served with process pursuant to a method reasonably designed to give him notice of the proceedings brought against him in the courts of the state of his original domicile prior to his departure therefrom.''

In the construction of remedial statutes such as the one now before us regard must always be had for the evident purpose for which the statute was enacted, and if the reason of the statute extends to past transactions, as well as to those in the future, then it will be so applied, although the statute does not, in terms, so direct, unless, of course, to do so would impair some vested rights or impinge upon some constitutional guaranty (*Standard Acc. Ins. Co. v. Miller,* 170 F.2d 495, 498). It seems clear to us that the instant case presents exactly the type of hardship, which the amendment was intended to ameliorate, viz., to subject a California resident who changes his domicile to another state after he has allegedly incurred a motor vehicle accident liability, either before or after the commencement of an action against him (if the action is not barred by the statute of limitations), to the process of the courts of this state for his previously, or call it ''retroactively'' incurred liability while he was still a California resident. It was to effectuate this principle that the Legislature adopted Vehicle Code, sections 404.1 and 404.2, thereby declaring that the acceptance by any *resident* of this state of a certificate of ownership or registration or a renewal thereof, or the acceptance of an operator's license or the retention of such license for 180 days after the statute's effective date, ''shall constitute the consent by such person that personal service of summons may be made upon him at any place where he may be found, whether or not he is then a resident of this State.'' Unless such legislation be held applicable to a preexisting liability, as in the case at bar, one of the avowed purposes of the statute would manifestly be defeated. The evident purpose of the legislation now before us was only to set up a method of serving process upon a *resident* of California, and there is no doubt in the mind of this court that it involves procedure and not a substantive right; and that the Legislature could make the statute, by language or intendment, retroactive, insofar as the date of the accident herein is concerned.

The order from which this appeal was taken is reversed and the cause remanded with directions to the court below to deny respondent's motion to quash summons and service thereof upon him.

Doran, J., and Fourt, J., concurred.