[Sac. No. 4054. Department Two.—September 1, 1928.]

J. CLARENCE RICE, etc., Appellant, v. J. T. DUNLAP, Respondent.

J. C. C. Russell for Appellant.

John G. Covert for Respondent.

LANGDON, J.—This is an appeal by the plaintiff from a judgment against it in an action to recover upon two promissory notes executed and delivered by the defendant in the sum of $4,020, each, due in six months from the date thereof (September 13, 1923), with interest at the rate of eight per cent per annum. The action was tried upon the complaint and the answer and counterclaim of defendant, which set up the alleged usurious character of the transaction evidenced by the notes. Upon this defense the trial court held with the defendant and gave judgment that plaintiff take nothing.

The record shows that the defendant, J. T. Dunlap, had purchased from the Mitchell Virden Lumber Company $20,000 worth of stock; that it was necessary to pay forty per cent of the purchase price in cash. Not having cash, said defendant signed the two notes payable to himself and aggregating $8,040, which amount represented forty per cent of the purchase price of the stock and gave these notes to Samuel E. Whiting, the stock salesman and agent of the Mitchell Virden Lumber Company. Whiting was expressly made the agent of defendant Dunlap to sell and discount these notes, the notes containing the following provision:

"The Maker or Makers hereof hereby severally, irrevocably appoint and authorize Samuel E. Whiting as agent to sell and discount this note for value and hereby consent to, ratify and confirm any sale or discounting hereof by the said agent, and hereby represent and guarantee to any purchaser hereof that there are no offsets, conditions or equities in their favor in respect hereto." It is alleged in the complaint that by virtue of the aforementioned agreement, said Samuel E. Whiting sold said note to plaintiff herein and said J. T. Dunlap, defendant, indorsed said note and said note was delivered by Samuel E. Whiting, agent of said defendant, to plaintiff herein, and that plaintiff is still the owner and holder of said note and the whole thereof and entitled to the money due thereon.

It appears that Whiting acted as sales agent for the stock of the Lumber Company under an agreement whereby he was to receive fifteen per cent commission upon the initial cash payment for forty per cent of the purchase price of said stock sold. The plaintiff agreed with Whiting, as agent of defendant, that plaintiff would give cash for defendant's notes, provided Whiting would give to plaintiff one-half of his commission, or seven and one-half per cent of the face value of the notes out of their proceeds. Accordingly, plaintiff gave a net total of $7,437 cash for the notes, which was their face value, less seven and one-half per cent. Presumably, and inferable from the record, Whiting took the $7,437 cash to the Lumber Company and had it credited, together with the portion of his commission retained by the plaintiff, upon the purchase price of the stock bought by defendant. Defendant executed a note for $11,960, directly to the Lumber Company for the balance of the $20,000 purchase price of the stock.

It is maintained that as the transaction relating to the discounting of the notes was directly between plaintiff and defendant, through the medium of defendant's agent, Whiting, that the retention of seven and one-half per cent of the face value of the notes, in addition to the interest provided therein, was usurious. The trial court so found, and with this finding we agree. As was said in the case of *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609 [53 A. L. R. 725, 255 Pac. 805]: "Commissions and bonuses may be charged by the lender, but all such charges must, when

added to the interest specified and spread over the whole period of forbearance, be kept within the limit set by the law.''

This conclusion, however, does not support the judgment in this case, which denied all recovery to the plaintiff. The plaintiff is entitled to recover the amount of the principal loaned to the defendant (*Haines* v. *Commercial Mortgage Co., supra*), together with costs and attorney's fees provided for in the note. It is only the illegal portion of the contract, i. e., the portion relative to the interest charge, which is void and unenforceable. Because of the error in denying any recovery to plaintiff, the judgment must be reversed.

The answer alleged that defendant was entitled to a set-off or counterclaim in the sum of $2,894.40, representing treble the amount of interest alleged to have been paid by him upon said notes. The trial court made no finding upon this counterclaim, but merely denied to plaintiff the right to recover anything upon the notes. However, in view of our conclusion that the plaintiff may recover the amount actually loaned to defendant and the reversal of the judgment upon that ground, it becomes pertinent to consider the right of the defendant to set up a counterclaim for treble the amount of interest alleged to have been paid by him to the defendant. The right to recover treble the amount of usurious interest paid is a statutory right, arising out of the following language: ''Every person . . . who for any loan . . . shall have paid or delivered any greater sum or value than is allowed to be received under the preceding sections . . . may . . . recover in an action at law against the person . . . who shall have taken or received the same . . . treble the amount of the money so paid or value delivered in violation of said sections, provided such action shall be brought within one year after such payment or delivery.''

The appellant contends, first, that the right to treble damages must be asserted by independent action and not by way of counterclaim, and, second, that it must be asserted within the period prescribed by the statute, i. e., one year. About the correctness of the latter contention there can be no doubt and defendant must show that the right has been asserted within the time prescribed. As to the right to enforce this claim by way of counterclaim, appellant relies

upon the case of *Farmers Nat. Bank* v. *Stover*, 60 Cal. 387, holding that under the federal statute against usury and the construction placed thereon by the supreme court of the United States, the right to recover double the amount of usurious interest may be asserted exclusively by way of separate and independent action. However, in the case of *Haines* v. *Commercial Mortgage Co., supra,* it was intimated that a different construction was to be placed upon our state statute, for it was said therein: "So, also, in this case, if the principal obligation is found to be due and on this account, when taken in connection with other charges, it exceeds the amount of interest paid when trebled, it would be the duty of the court, as above noted, to state the account between the parties and to credit the offset of interest trebled and generally to dispose of the whole issue presented by the cause." It is true that this language was unnecessary to the decision of the questions involved in that case, but it expresses a view in harmony with the general policy of our courts to dispose of all phases of litigation in one action whenever possible to do so.

However, whether or not at the time of the trial of this action, it was permissible to offset the claim for treble the amount of usurious interest paid as against the principal amount of the debt, we need not decide, because the case is disposed of upon the appeal upon other grounds; however, since the action will probably be retried, and, undoubtedly, the defendant will then seek to assert a claim for treble the amount of interest paid, he will be entitled to the benefit of any changes in the adjective or procedural law which have been made by the legislature up to the time of the new trial. This leads us to a consideration of the amendment of 1927 (Stats. 1927, p. 1620), to section 438 of the Code of Civil Procedure, enlarging the scope of the counterclaim in this state. It would appear that the section, as amended, covers the cause of action given by statute to the defendant herein against the plaintiff herein for treble the amount of interest paid upon the debt, provided such cause of action be asserted within the time prescribed by the statute of its creation.

The judgment is reversed.

Richards, J., and Shenk, J., concurred.