[Civ. No. 10160.   Third Dist.   June 28, 1961.]

MILDRED SOULE, Respondent, v. LYLE T. SOULE, Appellant.

Cecil J. Bishop and A. M. Mull, Jr., for Appellant.

Robert A. Zarick and Thomas A. Wahl for Respondent.

WARNE, J. pro tem.*—On July 2, 1959, plaintiff commenced an action against defendant for a divorce, charging extreme cruelty and asking that defendant be ordered to pay community debts, alimony and plaintiff's attorney's fees and court costs. The cause of action arose in California at a time when both parties were residents of this state, but before the action was commenced defendant moved to Montana to reside. In September 1959, plaintiff secured an order for publication of summons, pursuant to Code of Civil Procedure, section 412, and defendant was personally served with summons in Mon-

---

*Assigned by Chairman of Judicial Council.

tana on September 28, 1959 (see Code Civ. Proc., § 413). Defendant having failed to appear, answer or demur within the time allowed by law, his default was entered on December 14, 1959. Thereafter, plaintiff was granted an interlocutory decree of divorce on the ground of extreme cruelty, and the defendant was ordered to pay plaintiff $300 per month beginning January 1, 1960, for a period of nine months, subject to the further order of the court, and to pay plaintiff's attorney's fees and court costs. The decree also awarded plaintiff the equity in certain real property together with certain personal property. On June 21, 1960, appellant appeared specially and unsuccessfully moved to vacate and delete from the interlocutory decree all the provisions thereof, except insofar as it was decreed that plaintiff is entitled to a divorce. He does not question the jurisdiction of the court to dissolve the marriage of the parties.

Section 417 of the Code of Civil Procedure, as amended in 1957, provides: "Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, and was a resident of this State (a) at the time of the commencement of the action, or (b) at the time that the cause of action arose, or (c) at the time of service."

Since the defendant was residing in Montana at the time the action was commenced and at the time of service, jurisdiction under section 417 of the Code of Civil Procedure must be based upon his residence here at the time the cause arose (subd. (b)).

"As used in section 417, resident means domiciliary." (*Owens* v. *Superior Court*, 52 Cal.2d 822, 827 [345 P.2d 921], citing *Smith* v. *Smith*, 45 Cal.2d 235, 240 [288 P.2d 497]). In the instant case, defendant was a California domiciliary at the time the cause of action arose. Defendant contends, however, that this fact was not sufficient to permit the state to acquire jurisdiction over him by personal service outside its borders, although he concedes that the California court had jurisdiction over the "matrimonium," i.e., the *res* of the marriage. He argues that at the time the action was brought and thereafter at the time service was made, he was domiciled in Montana, and that under the due process clause of the Fourteenth Amendment to the Constitution of the United States,

in personam jurisdiction must be based upon such facts or upon consent.

A similar contention was made in *Owens* v. *Superior Court, supra.* There plaintiff (the real party in interest) "commenced an action against defendant . . . to recover damages for injuries suffered from being bitten by defendant's dog. The cause of action arose in California when defendant was a resident here, but before the action was commenced, defendant became a permanent resident of Arizona. . . . [P]laintiff secured an order for publication of summons pursuant to Code of Civil Procedure, section 412, and defendant was personally served with summons in Arizona. . . . Defendant appeared specially and moved to quash the service of summons on the ground that it was ineffective to give the trial court jurisdiction over him. The [trial] court denied his motion, and he then filed this petition for a writ of prohibition to prevent further proceedings against him." (P. 826.) A peremptory writ was denied. In reference to tortious acts within this state, the court said at page 832:

"It [the Legislature] has provided, . . . that our courts shall have personal jurisdiction pursuant to sections 412 and 413 of the Code of Civil Procedure to the extent constitutionally permissible if the conditions of section 417 are met. The conditions of section 417 have been met in this case, and the fact that the cause of action arose out of defendant's activities here fully justifies the assumption of jurisdiction over him by personal service outside the state.

"Even if we were to assume that an activity carried on within the state out of which the cause of action arose must be of some peculiarly dangerous or serious kind to justify an assertion of jurisdiction, no such limitation exists if the defendant was also domiciled in the state at the time the cause of action arose. When, as in this case, the cause of action arose here out of an activity carried on here at a time when defendant was domiciled here, 'the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure' (*International Shoe Co.* v. *Washington*, 326 U.S. 310, 319 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057]) fully justifies subjecting defendant to the jurisdiction of our courts. (*Henry R. Jahn & Son* v. *Superior Court*, 49 Cal.2d 855, 862 [323 P.2d 437]; *Carl F. W. Borgward, G.M.B.H.* v. *Superior Court*, 51 Cal.2d 72, 79 [330 P.2d 789].)"

By analogy, what was said in the Owens case applies equally

to this case. There it was held that section 417, subdivision (b), did not violate the requirements of the due process clause of the federal Constitution. Appellant's arguments and contentions are fully disposed of by the opinion in that case and need not be repeated here.

The order denying the motion to vacate portions of the interlocutory decree is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 23, 1961.