[Civ. No. 30850.   Second Dist., Div. One.   Oct. 31, 1966.]

RUTH M. AMPARAN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; OSCAR F. AMPARAN, Real Party in Interest.

---

[14]We note that if the trial court had found that a formal agreement existed, it would have lost jurisdiction.

Hurley & Driscoll and William D. Shaw for Petitioner.

No appearance for Respondent.

Michael B. Montgomery for Real Party in Interest.

McCOY, J. pro tem.*—Petitioner, who is the defendant in the action entitled Oscar Frank Amparan v. Ruth Marjorie Amparan, number NE D 9774, pending in the respondent court seeks a writ of mandate from this court pursuant to Code of Civil Procedure, section 416.3, requiring the respondent court to enter an order quashing the service on her of the summons in that action.

The real party in interest, herein referred to as plaintiff, filed a complaint for divorce from petitioner, herein referred

---

*Assigned by the Chairman of the Judicial Council.

to as defendant, on April 15, 1966. On April 18 he obtained an order for publication of the summons on the ground that defendant was a resident of Tucson, Arizona. The summons was served on defendant personally in Tucson on April 26 and returned to the court with proof of service on June 27.

On May 26, 1966, defendant noticed a motion to quash the service of summons pursuant to Code of Civil Procedure, section 416.1. This motion was argued and denied on June 10, at which time the court granted defendant 15 days in which to answer. The minute order recites that notice was waived. On June 24 defendant served and filed her notice of motion for reconsideration of the motion to quash to be heard on July 8. The minute order for that day reads: "Both counsel submit matter on the record. The court treats defendant's motion for reconsideration as an application for order quashing service of summons after prior refusal pursuant to section 1008 CCP. Court has considered motion to quash service of summons and motion is denied. Attorney order. Plaintiff to give notice."

Although no "attorney order" was signed by the court, plaintiff's attorney gave written notice to defendant on July 13 that on July 8 the court had granted defendant's motion for reconsideration and "upon reconsideration denied defendant's Motion to Quash Service of Summons . . ." On July 22 defendant filed the petition before us as provided in Code of Civil Procedure, section 416.3.

Plaintiff contends preliminarily that this court has no jurisdiction to consider the petition because it was not filed within the time provided by section 416.3, Code of Civil Procedure. This contention has no merit. That section provides that when a motion to quash service of summons is denied the defendant before pleading may "within 10 days after service upon him of written notice of the order of the court denying the motion . . . petition an appropriate appellate court for a writ of mandate directed to the court wherein the action is pending requiring the entry of its order quashing the service of summons." Defendant was not served with a written notice of the order of June 10 denying her motion. The trial court, "in its discretion, having [thereafter] determined to reconsider the matter, and having the renewal motion before it, had the power to dispose of same and the second order of denial is reviewable under the provisions of section 416.3, Code of Civil Procedure." (*Josephson* v. *Superior Court,* 219 Cal.App.2d 354, 360 [33 Cal.Rptr. 196].)

. . .

■ Section 416.1, Code of Civil Procedure, provides that within the time in which he is required to plead, a defendant may file ''a notice of motion to quash the service of summons, upon the ground of lack of jurisdiction'' over him. Defendant's motion is narrowly based on the provisions of section 417, Code of Civil Procedure. That section reads: ''Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, and was a resident of this State (a) at the time of the commencement of the action, or (b) at the time the cause of action arose, or (c) at the time of service.''

■ The legislative and judicial history of section 417, Code of Civil Procedure, shows that a defendant outside the state who has been personally served with a copy of the summons and complaint pursuant to sections 412 and 413, may successfully claim that the court lacks jurisdiction only when the plaintiff seeks a personal judgment against him. (*Allen* v. *Superior Court*, 41 Cal.2d 306 [259 P.2d 905]; *Owens* v. *Superior Court*, 52 Cal.2d 822 [345 P.2d 921, 78 A.L.R.2d 388]; Witkin, Cal. Procedure, 1965 Supp., Jurisdiction, § 62A, p. 138.)

■ Plaintiff alleges in his complaint which was filed April 15, 1966, that he has been a resident of California for more than one year and of Los Angeles County for more than three months immediately preceding the commencement of his action. The principal relief he seeks is a judgment of divorce on the ground of extreme cruelty. A decree of divorce is a judgment *in rem* to the extent that it adjudicates the future status of the parties in relation to each other. (*Rediker* v. *Rediker*, 35 Cal.2d 796, 801 [221 P.2d 1, 20 A.L.R.2d 1152].) To that extent, at least, the respondent court has jurisdiction over defendant by substituted service of the summons and complaint with power to enter judgment if it determines that plaintiff is entitled to a divorce. (*Soule* v. *Soule*, 193 Cal.App. 2d 443 [14 Cal.Rptr. 417].) Consequently the motion to quash the service of summons was properly denied.

Plaintiff also seeks a judgment awarding to him all of the community property and custody of the four minor children. He also prays for a judgment enjoining defendant from disposing of the community property pendente lite, and from annoying or molesting him or the children, ''from residing,

entering, visiting or loitering'' in or about the family residence of plaintiff in Woodland Hills, California, and from removing the children from the jurisdiction of the court. We must assume that, to the extent plaintiff is thereby seeking a personal judgment against defendant, the trial court, after hearing the evidence, will determine whether it has the power to enter such a judgment, having in mind the provisions of section 417, Code of Civil Procedure.

We are not unmindful of the uncontradicted showing made by defendant in support of her motion. It appears from the declarations filed in support of the motion that on April 7, 1966, just a week before plaintiff filed his complaint in the respondent court, defendant filed an action for divorce in the Superior Court for Pima County, Arizona, and that the motion of plaintiff here to dismiss that action on the ground that the court did not have jurisdiction over the subject matter of the action was denied. So far as the record shows, this decision of the Arizona court has become final. It may well be that plaintiff here is thereby foreclosed from relitigating requisite jurisdictional issues in the courts of this state. (See *Heuer* v. *Heuer*, 33 Cal.2d 268 [201 P.2d 385]; *Barber* v. *Barber*, 51 Cal.2d 244, 246 [331 P.2d 628]; 1 Witkin, Cal. Procedure (1954) Jurisdiction, § 160, p. 428.) We do not decide that question since it is not before us. The only question raised by defendant's motion is whether the respondent court had acquired jurisdiction over defendant by substituted service. In our view neither the decision of the Arizona court that it had jurisdiction over the subject matter of the litigation, nor the fact that plaintiff here has submitted himself to the jurisdiction of that court, has any bearing on the narrow question before us.

The alternative writ is discharged, and the peremptory writ is denied.

Fourt, Acting P. J., and Lillie, J., concurred.