KATHLEEN YAZZIE

Plaintiff-Appellee

vs.

VIRGIL WYACO, JR.

Defendant-Appellant

Decided on March 3, 1977

Loretta A. Morris, D.N.A., Crownpoint, New Mexico, for Plaintiff-Appellee

Louis Denetsosie, Window Rock, Arizona, for Defendant-Appellant

Before KIRK, Chief Justice, JOHN and NESWOOD, Associate Justices

KIRK, Chief Justice

This is an appeal from a judgment of the Window Rock District Court, entered August 21, 1975, holding the appellant in this case in contempt of court for failing to comply with an earlier judgment dated July 31, 1972, finding the appellant liable for child support pursuant to a paternity action filed against him.

Despite much reference by both counsel to questions arising from the absence of a "long-arm" statute for the Navajo Nation there

are really three simple issues presented by the facts of this case:

First, whether the defendant-appellant came within the jurisdiction of the District Court;

Second, whether service on him by mail was legally sufficient;

Third, whether he was afforded adequate time and opportunity to defend himself.

When the paternity suit was filed against the appellant in District Court, he was a student residing in Tucson, Arizona. However, the District Court judge found jurisdiction over appellant on the grounds that he was then in fact domiciled within the Navajo Nation.

Whether this particular appellant was then in fact a domiciliary of the Navajo Nation seems a moot point because he now resides within our territory and holds the position of Director, Navajo Film and Media Commission.

However, we wish to make clear that the mere physical absence from Navajo territory is not sufficient grounds to negate one's status as a lawful domiciliary of the Navajo Nation. Any Court presented with this question must examine the defendant's contacts with the Navajo Nation to determine his status and, after having done so, the court should enter its particular, detailed findings on the record in

support of its assertion of jurisdiction.

For instance, in this case the appellant was born here, lived here most of his life, received financial assistance from the Navajo Nation, and returned here to assume an executive position. In any case of a student away from home, the court might also look to the frequency of his return to Navajo territory, to whether he held summer jobs here, and so on. The legal definition of "domicile" is clear and well-established. The difficult task is ascertaining from the facts whether the definition is met in any given case. Of course, this can only be done on a case-by-case basis.

The second question is whether service by mail was sufficent. Counsel for appellant cited inapplicable federal rules of civil procedure, relating to service of process, in his argument before the court below. Service by certified mail was and is authorized by our Rules of Civil Procedure. We find no applicable federal law that prohibits service by mail in circumstances such as this.

Certified mail, by definition, must be signed for by the addressee and a record of the delivery is kept by the U.S. Postal Service. This clearly puts the defendant on notice of the action against him. If jurisdiction is lacking, the defendant can assert this claim in his answer. We note that the defendant never answered the original paternity complaint.

The act complained of occurred within Navajo territory and

the defendant's indices of domicile were sufficient to establish to the satisfaction of the District Court that the defendant was in fact a domiciliary of the Navajo Nation. Either one of these matters is usually sufficient to establish probable jurisdiction and permit service by certified mail, within the bounds of due process. Numerous state and federal cases support this concept. (See, Owens v. Superior Court of Los Angeles County, 345 P.2d 921 (1959); International Shoe Co. v. Washington 326 U.S. 310 (1945); Milliken v. Meyer, 311 U.S. 457 (1940)).

The last question is whether the appellant here was allowed adequate time and opportunity to defend himself at the original paternity complaint on May 30, 1972. The summons informed him that his hearing was set for June 27, 1972. The summons informed him that failure to appear would lead to a judgment by default. Apparently, the appellant thought that the jurisdiction of the court could be defeated simply by ignoring the summons and staying away from Navajo territory. He was in error.

Because of the passage of time since the entry of the original order and since the filing of the appeal of the District Court order affirming that original order and holding the defendant-appellant in contempt, we find the amount of child support owed by the appellant to be in question.

We therefore affirm the decision of the District Court but remand with instructions to hold a hearing on the amount of appellant's

present obligation and whether that obligation is to continue or be terminated by a lump-sum payment.

The question shall be set for a hearing to be held within thirty days of the date of this opinion and the decision of the District Court shall be final.

JOHN, Associate Justice, and NESWOOD, Associate Justice, concur.