Newton B. SCHWARTZ, et ux, Appellants,

v.

F.M.I. PROPERTIES CORPORATION, Appellee.

No. C14–85–969–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 10, 1986.
Rehearing Denied Aug. 14, 1986.

Newton B. Schwartz, Barry S. Berger, Houston, for appellants.

Michael D. Stein, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Newton B. Schwartz and his wife, Annita, appeal a summary judgment in favor of F.M.I. Properties Corporation. Appellants had filed a bill of review challenging the registration of a New York judgment registered in accordance with the provisions of Tex.Rev.Civ.Stat.Ann. art. 2328b–5. In five points of error, they allege the trial court erred (1) in granting appellee's motion for summary judgment; (2) in failing to find that a genuine and material fact issue existed on the adequacy of notice of the trial court's order on judgment; (3) in holding as a matter of law appellant was not entitled to a bill of review; (4) in holding Tex.Rev.Civ.Stat.Ann. art. 2328b–5 did not require notice of the trial court's order in accordance with Rules 21a and 306d, Tex.R.Civ.Proc.; and (5) in accepting transfer of the bill of review proceeding and ruling on the motion for summary judgment when it lacked jurisdiction. We affirm.

F.M.I. obtained a deficiency judgment against appellants and several other defendants in a New York court. F.M.I. sought to register the New York judgment in Texas under the provisions of Tex.Rev. Civ.Stat.Ann. art. 2328b–5. In accordance with the requirements of article 2328b–5, F.M.1. filed with the clerk of the court an authenticated copy of the New York judgment along with an affidavit showing the names and last known post office addresses of the judgment debtors and creditors. Notice of the registration of the New York judgment was received by appellants. Although no order is required under article 2328b–5, the court signed an order to enforce the foreign judgment on November 18, 1982. Rule 306d, Tex.R.Civ.Proc., requires the clerk of the court to mail notice to each party to a suit immediately upon the signing of any final judgment or other

appealable order. The clerk of the court did not notify appellants that the order to enforce had been signed. Appellants did not discover that the order had been signed until F.M.I. sought to take appellant Newton Schwartz's deposition in aid of judgment in the spring of 1983. Appellants' time for appeal having expired, they brought a bill of review to vacate the order. After F.M.I. filed an answer to the bill of review and sought summary judgment, appellants filed a response to F.M.I.'s motion for summary judgment. The court granted F.M.I.'s motion for summary judgment.

Appellants' first point of error contends the trial court erred in granting F.M.I.'s motion for summary judgment. Appellants claim they fulfilled the requirements for relief under a bill of review proceeding, and therefore summary judgment was improper.

■ In order to prevail in a bill of review action, the complainant must file a petition alleging that the prior judgment was rendered as the result of fraud, accident, or mistake of the opposing party or an official, and that the complainant's negligence did not contribute to the fraud, accident or mistake. In addition, the complainant must also present a meritorious defense to the prior judgment. *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979). A meritorious defense is one which is not barred as a matter of law and which will entitle the complainant to judgment on retrial if no evidence to the contrary is presented. *Baker, supra* at 408.

Appellants offered no summary judgment proof in their response to F.M.I.'s motion for summary judgment. Appellants' response lists possible defenses to the entry of the New York judgment. One of these potential defenses was lack of personal jurisdiction over appellants by the New York court. However, appellants fail to assert or prove that any of the defenses actually apply in this action. Appellants seem to allege that F.M.I. had the burden to negate all possible defenses to enforcement of the judgment before summary judgment could be rendered in F.M.I.'s favor.

Section 1, article 2328b–5, Tex.Rev.Civ. Stat.Ann. (now recodified as section 35, Tex.Civ.Prac. & Remedies Code) defines a "foreign judgment" as a judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state.

Section 2, article 2328b–5 states a filed foreign judgment is subject to the same "procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed."

■ Absent summary judgment evidence to the contrary, it is presumed that a copy of a final judgment, properly authenticated pursuant to 28 U.S.C.A. § 1738, is a final and subsisting judgment entered by a court with jurisdiction to render it. *See Mitchim v. Mitchim*, 518 S.W.2d 362 (Tex.1975); *Hart v. Calkins Manufacturing Co., Inc.*, 623 S.W.2d 451 (Tex.App.—Texarkana 1981, no writ).

Appellants challenge the validity of the authentication of the New York judgment. Having examined the judgment, we find the trial court did not err in ruling that it satisfies the requirements for proper authentication set forth in 28 U.S.C.A. § 1738.

■ Once the properly authenticated New York judgment was introduced, appellants had the burden of proving it was not entitled to full faith and credit either because it was not a final and subsisting order or because the court did not have jurisdiction to enter it. *Mitchim, supra* at 364.

■ To prevail in their bill of review action, appellants had to present a meritorious defense not to the validity of the underlying judgment but to the validity of the judgment's claim to full faith and credit under article 2328b–5. Since appellants failed to present any summary judgment evidence, they did not present a meritorious defense which would entitle them to relief under a bill of review.

However, we find upon examination that Article 2328b–5 makes it difficult for a debtor to sustain his burden of proof because on its face the statute does not provide a method for making a full faith and credit challenge.

While article 2328b–5 does not set forth a procedure for challenging the registration of a foreign judgment, the debtor's right to present defenses to enforcement of a foreign judgment is implied by the wording of sections 2 and 4 of the article (now sections 35.003 and 35.006, Tex.Civ.Code). Section 2 states in pertinent part:

A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening vacating, staying, enforcing, or satisfying as a judgment of the court in which it is rendered.

Section 4 allows the debtor to obtain a stay of a foreign judgment by showing that an appeal is pending or will be taken, or that a stay of execution has been granted.

Although the statute provides that foreign judgments are subject to the same defenses as Texas judgments, the legislature neglected to include in the statute a procedure by which the debtor might assert such defenses. This omission creates a procedural quandary for the debtor. He cannot show why the judgment is not entitled to full faith and credit unless he is allowed into court. If article 2328b–5 is read as a pure registration statute under which no provision is made for the debtor to defend himself against the enforcement of foreign judgments in Texas, then the teachings of *Pennoyer v. Neff,* 95 U.S. (5 Otto) 714, 24 L.Ed. 565 (1878) and its progeny regarding personal jurisdiction become a nullity.

The basic principle set forth in *Pennoyer* is that no State may exercise direct jurisdiction and authority over persons or property outside its territory. *Pennoyer, supra* at 722. A registration statute which provides no procedure to challenge enforcement of a foreign judgment violates the *Pennoyer* rule. Where the debtor is unable to show why a foreign judgment is not entitled to full faith and credit, a court might enter a judgment against a non-resident debtor and the debtor would be powerless to prove lack of jurisdiction.

Because a foreign judgment is presumed to have been rendered by a court with proper jurisdiction, *Mitchim, supra,* it is imperative that the debtor have a means by which he can show the judgment is not entitled to full faith and credit. Otherwise, the constitutional requirement that a court establish jurisdiction before it may render a valid judgment would be circumvented.

A foreign judgment is not entitled to full faith and credit unless it is final and subsisting and issued by a court with proper jurisdiction. A properly authenticated foreign judgment is presumed to meet both requirements. Due process mandates that the debtor be given an opportunity to rebut the presumption that a foreign judgment is entitled to full faith and credit. Article 2328b–5's failure to provide the debtor with a means for challenging the presumption that a properly authenticated foreign judgment is entitled to full faith and credit raises a question about the constitutionality of the statute. We hope the legislature will consider amending the statute to spell out a procedure by which the debtor may exercise his constitutional right to challenge the validity of a foreign judgment's entitlement to full faith and credit.

Accordingly, we find that appellants were entitled to show that the New York judgment was not entitled to full faith and credit either at the time F.M.I. sought to register the judgment or by bill of review. However, appellants failed to present summary judgment evidence that the New York judgment was not entitled to full faith and credit; therefore they failed to present the meritorious defense required to obtain relief under a bill of review. Appellants' first point of error is overruled.

Having overruled appellants' first point of error, we find it unnecessary to address the remaining points of error. The judgment is affirmed.